FILED
United States Court of Appeals
Tenth Circuit

**March 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CORY O'NEAL JONES, a/k/a Cory
O'Neil Jones, a/k/a Cory O'Nell Jones,
a/k/a Coryo Jones, a/k/a Cory O. Cooper,
a/k/a Corey Cooper,

    Defendant - Appellant.

No. 23-6051
(D.C. No. 5:22-CR-00345-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

Cory Jones was convicted after pleading guilty to possession of a firearm by a

felon in violation of 18 U.S.C. § 922(g)(1).  He now appeals his sentence.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

I

Mr. Jones's plea agreement reserved his "right to appeal the substantive reasonableness of [his] sentence" if the sentence exceeded the advisory range under the United States Sentencing Guidelines.  R. vol. 1 at 73.

Before sentencing, Probation prepared a presentence investigation report and calculated an advisory Guidelines range of 57 to 71 months' imprisonment.  This recommendation included an adjustment for Mr. Jones's acceptance of responsibility.

The government argued for an upward variance to 120 months' imprisonment—the statutory maximum, *see* § 924(a)(2).  Mr. Jones argued for a downward variance to 30 months' imprisonment.  The district court sentenced Mr. Jones to the statutory maximum.

The court discussed as factors contributing to its sentencing decision, among others, that

- Mr. Jones possessed AR-15s with high-capacity clips, which the court concluded "increase[d] the seriousness of the offense."  R. vol. 3 at 25:17.

- Although the district court stated it was "not going to draw any hard and fast conclusions here about whether he's ultimately guilty of domestic abuse as charged" in a separate proceeding, it was "persuaded by a preponderance of the evidence that it did involve a situation where [Mr. Jones] was making threats to and choking and bruising and so on the victim at the time of that incident.  So . . . the guns were possessed

2

under circumstances which are more serious than might otherwise be the case." *Id.* at 25:25–26:9.

- Mr. Jones's criminal history included twenty-eight previous criminal convictions, two of which were for unlawful possession of a firearm by a felon. *See id.* at 26–27.

- The offense conduct and Mr. Jones's criminal history indicated "a significant history of violence and physical abuse that he threatens or accomplishes with women." *Id.* at 28:8–9.

- In connection with his arrest for the offense of conviction, Mr. Jones "prepar[ed] . . . false affidavits to try to manipulate the process as it related to his detention" and "ma[de] false charges against the jailer at the Cleveland County facility in an effort to manipulate the system" in an attempt to minimize his own criminal exposure. *Id.* at 30:4–8.

This timely appeal followed.

## II

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Kaspereit*, 994 F.3d 1202, 1207 (10th Cir. 2021). Under this standard of review, "we will give substantial deference to the district court's determination and overturn a sentence as substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unjust." *Id.* But, "[a] district court abuses its discretion when it . . . commits an error of law, such as applying an incorrect legal standard or misapplying the correct legal standard."

*United States v. Akers*, 76 F.4th 982, 991 (10th Cir. 2023) (internal quotation marks omitted).  Where, as here, "the district court decides that an outside-Guidelines sentence is warranted, the court must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Peña*, 963 F.3d 1016, 1028–29 (10th Cir. 2020) (internal brackets and quotation marks omitted).[1]

Applying this standard of review, Mr. Jones's arguments on appeal are unpersuasive.  He argues the district court unduly emphasized the number of events in his criminal history—which already factored into his applicable Guideline range—and mistakenly relied on the (unproven) charges of domestic abuse from the night of the incident.  But although the court did consider the number of prior criminal convictions, it also looked at the nature of those convictions—including two involving conduct similar to the offense conduct.  And the court clarified that it was aware the allegations of domestic violence were just that—allegations.  It nonetheless found based on the record before it that the allegations were persuasive by a preponderance of the evidence.  Further, "in arguing that the district court did not appropriately weigh" his prior charged and uncharged domestic abuse conduct, Mr. Jones "simply asks us to re-weigh factors already presented to the district court—something we cannot and will not do." *United States v. Budder*,

---

[1] To this end, we reject the government's reference to a "presumption of reasonableness of [an] above-[G]uideline sentence."  Resp. Br. at 16.  The government cites no authority creating such a presumption, and we do not apply one here.

76 F.4th 1007, 1017 (10th Cir. 2023) (internal quotation marks and citation omitted), *cert. denied*, ___ U.S. ___, 144 S. Ct. 620 (U.S. Jan. 8, 2024) (No. 23-6205).

The court also considered other factors counseling in favor of its upward variance to the statutory maximum sentence that Mr. Jones does not address on appeal, including the specific firearm he possessed (an AR-15) and his obstructive-of-justice conduct in connection with the instant offense. Considering the record as a whole under the applicable standard of review, we cannot say the district court abused its discretion.

Entered for the Court

Veronica S. Rossman
Circuit Judge